IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

RODNEY WATSON                                                                                          PLAINTIFF

V.                                              4:08CV02681 GTE/JTR

SALINE COUNTY JAIL, et al.                                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED PARTIAL DISPOSITION

### INSTRUCTIONS

The following recommended partial disposition has been sent to United States District Judge G. Thomas Eisele. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

      1.      Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

      3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Rodney Watson, who is currently confined in the Saline County Detention Facility, has commenced this *pro se* § 1983 action alleging that Defendants have violated his constitutional rights. *See* docket entries #2, #5, and #7. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that: (1) Defendant Saline County Jail be dismissed, with prejudice, as not being an entity amendable to suit in a § 1983 action; and (2) service be ordered upon the remaining Defendants.[1]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

    The Court is mindful that when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law."

## II. Discussion

**A.     Defendants Mayor, Sessions, and Reed**

Plaintiff alleges that Defendants Deputy Mayor, Corporal Carrie Sessions, and Deputy Reed have failed to give him his medications or given him improper dosages of his medications on several instances, thereby causing him to suffer headaches, dizziness, an upset stomach, and high blood pressure.  *See* docket entries #2, #5, and #7.  Although Plaintiff uses the word "negligence" throughout his pleadings, the Court concludes that he has, at this stage, sufficiently set forth a colorable claim that these three Defendants violated his constitutional rights by being deliberately indifferent to his serious medical needs. *See, e.g., Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006) (explaining that negligence and gross negligence are insufficient to establish a constitutional violation, and, instead, a prisoner must demonstrate that defendants acted with deliberate indifference); *Ervin v. Busby*, 992 F.2d 147, 150 (8th Cir. 1993) (applying the deliberate indifference standard to pretrial detainees).  Accordingly, service should be ordered upon Defendants Mayor, Sessions, and Reed at this time.

**B.     Defendant Saline County Jail**

Plaintiff has also named the Saline County Jail (also known as the Saline County Detention Facility) as a Defendant in this action.  *See* docket entry #2.  However, it is well settled that a county

---

*Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007).  Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do."  *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)).  Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

jail is not a legal entity amendable to suit in a § 1983 action. *See Williams v. Pulaski County Detention Facility*, Case No. 07-3851, 2008 WL 2079104 (8th Cir. 2008) (unpublished opinion); *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *De La Garza v. Kandiyohi County Jail*, 18 Fed. Appx. 436, 437, 2001 WL 987542 (8th Cir. 2001) (unpublished opinion). Accordingly, Defendant Saline County Jail should be dismissed, with prejudice.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, Defendant Saline County Jail be DISMISSED, WITH PREJUDICE, because it is not an entity amendable to suit in a § 1983 action.

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Partial Recommended Disposition would not be taken in good faith.

3. The Clerk be directed to prepare a summons for Defendants Mayor, Sessions, and Reed, and the United States Marshal be directed to serve the summons, Complaint (docket entry #2), Amended Complaint (docket entry #5), and Addendum (docket entry #7) upon them without prepayment of fees and costs or security therefor.

Dated this 2nd day of October, 2008.

_____
UNITED STATES MAGISTRATE JUDGE